PATTEN *versus* KELLEY & *als.*

Chapter 148, § 29, R. S., requires poor debtors disclosing accounts and contracts for money, &c., to have the same appraised; and if the creditor shall not then take such property, the debtor shall deposit with the justices an assignment in writing to the creditor of all the property thus appraised and set off.

In *such assignment* no conditions can be inserted which are not required by the statute. If the debtor qualifies the assignment, by requiring indemnity against all cost before the creditor shall institute suits on demands thus assigned, the justices have no authority to make out and deliver to the debtor a certificate that they have administered to him the oath prescribed in § 28 of that chapter; and such certificate is invalid.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding. DEBT on a poor debtor's relief bond.

The defence was, that he took the oath within the six months allowed to him in the bond. A certificate of the statute oath required, by two justices of the peace and quorum, was produced by the defendant.

The debtor disclosed demands against sundry persons, which were appraised by the justices.

The debtor made an assignment of these demands to the plaintiff for the consideration of eighty-five dollars, (the amount of the appraisal,) concluding thus, "with authority to said Patten to collect and receive the same, as I myself could, and for his own use, he however first indemnifying against all cost, should he institute suits therefor."

The case was submitted to the full Court to render such judgment as the rights of the parties should require.

*Gilbert*, for plaintiff.

*Randall & Booker*, and *Tallman*, for defendants.

APPLETON, J. — By R. S., c. 148, § § 29, 30, provision is made for the appraisal and assignment which the debtor may disclose as belonging to him. By § 30, "if the creditor be absent, or shall not then conclude to accept the same as aforesaid, the debtor shall deposit with the justices an assignment in writing to the creditor of *all* the property thus

Patten *v.* Kelley.

appraised and set off; and the justices shall make a record of such proceedings, and cause the property so disclosed to be safely kept and secured, for the term of thirty days, thereafterwards to be delivered to the creditor, with the assignment aforesaid, *on his demanding* the same within that time."

The exception here taken is, that the assignment tendered imposes on the creditor conditions not authorized by the statute.    The debtor sells, transfers and assigns to the plaintiff certain claims, subject however, to the following condition : — "he however *first indemnifying* against all cost, should he institute suits therefor."    The statute imposes no conditions to be performed by the creditor before the bond is to be available.    Nò mode is provided to fix the terms of indemnity, or the penal sum for which it is to be given, or to determine upon the sufficiency of the sureties which may be offered.    The bond is to be delivered to the creditor on his "demanding the same" within thirty days.    This requires that more shall be done than merely demanding the property assigned.    It imposes a condition precedent, to be performed before the assignment is to become effective.    If the plaintiff had demanded in this case the property within the time limited by statute, he would not have been entitled to it according to the terms of the assignment left with the trustees.    If an assignment may be trammeled with conditions, such as the debtor may deem expedient, it may become practically unavailable to the creditor.    As the property disclosed was not "duly secured" to the use of the creditor, in accordance with the provisions of the statute, the justices were not authorized to make out and deliver the certificate provided in § 31.  *Call* v. *Barker,* 27 Maine, 97.                    *Defendants defaulted.*

SHEPLEY, C. J., and TENNEY, RICE and CUTTING J. J., concurred.